503 P.2d 451

**HOME BUILDERS ASSOCIATION OF GREATER SALT LAKE, a corporation, et al., Plaintiffs and Appellants,**

v.

**PROVO CITY, a municipal corporation of the State of Utah, Defendant and Respondent.**

No. 12819.

Supreme Court of Utah.

Nov. 17, 1972.

LaVar E. Stark, Ogden, for plaintiffs and appellants.

Glen J. Ellis, Provo, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs initiated this action, claiming the right to recover certain sewer connection fees, on the ground that such sums were exacted under an invalid ordinance of Provo City. Based on the pleadings, depositions, and exhibits, plaintiffs moved for summary judgment, which the trial court denied on the ground that the ordinance

was valid and within the power of the city to enact and that it was constitutional. Judgment was entered in favor of defendant, and plaintiffs appeal therefrom.

On August 18, 1970, Provo City Commission enacted an ordinance, which imposed a connection fee of $100 for each living unit of newly constructed buildings connecting to the existing sewer system.

The ordinance was a result of certain detailed engineering studies, which recommended a service connection fee in addition to the existing monthly sewer charge, to provide the requisite funds to improve and enlarge the sewer system. The figure of $100 was derived by dividing the number of sewer connections into the net value of the system. The monies from this connection fee together with the monthly sewer service fee and federal grants are deposited in the Sewer Disposal Operating Fund. This fund is used to pay for new collector trunk lines, replacement of existing sewer lines, enlargement of the sewage treatment plant, retirement of certain bonded indebtedness on the sewers, and general operating expenses.

■ On appeal, plaintiffs urge that this sewer connection fee, which exceeds the cost of inspection or regulation, is a revenue measure, which the city was not authorized by the relevant statutory provisions to enact. Plaintiffs contend that under Sec. 10–8–38, U.C.A., 1953, as amended (the statute in effect at the time the ordinance was enacted) only a monthly sewer service fee is authorized and that the power to exact a sewer connection fee may not be implied thereunder. The relevant provisions of § 10–8–38, U.C.A., 1953, as amended 1969, specify:

> Any city or town may, for the purpose of defraying the cost of construction, reconstruction, maintenance or operation of any sewer system or sewage treatment plant *may make a reasonable charge for the use thereof* . . . [Emphasis added.]

In Murray City v. Board of Education of Murray City School District[1] this court denied the characterization of a sewer charge and connection charge[2] as a revenue measure and stated that such charges are neither taxes nor assessments but payments for services furnished.[3] Provo City was within its statutory authorization to exact a reasonable charge for the right to connect and use the sewer system.

1. 16 Utah 2d 115, 121, 396 P.2d 628 (1964).

2. The charges therein were exacted under the authority of § 17–6–22, U.C.A.1953, as amended 1963, " . . . such municipal corporation shall have authority to make therefor such appropriate service charge to each party connected with its sewer system, as it shall deem reasonable and proper . . . "

3. Also see 11 McQuillin, Municipal Corporations (3rd Ed.Rev.) § 31.30a, p. 248.

Plaintiffs further urge that the ordinance is unconstitutional in that it exacts from a single class of the population, funds to defray expenses which should be borne by the entire community equally, i. e., the connection fees go into a fund that finances the development, expansion, and rebuilding of the entire sewer system. Plaintiffs cite as authority to sustain their argument Weber Basin Home Builders Ass'n v. Roy City,[4] wherein this court upheld the determination of the trial court that an increment from $12 to $112 in the flat-fee charge for a building permit, which was for the declared purpose of raising general revenue for the city, placed a disproportionate and unfair burden on new households, as compared to the old ones, in the maintenance of the city and was consequently discriminatory and constitutionally impermissible.

The instant action is distinguishable in that the charge is for a service rendered and not a revenue measure. In Hayes v. City of Albany,[5] the court held that the city had power to levy a sewer connection charge reasonably commensurate to meet the burden currently imposed or reasonably to be anticipated upon the city's sewage disposal system and that the ordinance providing for such a charge was a valid exercise of that power. The court cited Weber Basin Home Builders Ass'n v. Roy City[6]

and explained that in that case the funds derived went into the general fund of the municipality and thus might be used for purposes wholly unrelated to the purpose of the charge. In contrast, the sewer connection charge is for a service rendered, and the proceeds therefrom, together with the sewer user fee, will be used directly in the development and maintenance of the sewage disposal system, which is the activity regulated by the ordinance.

Another aspect which merits consideration is discussed in Airwick Industries, Inc. v. Carlstadt Sewerage Authority,[7] wherein the validity of a sewer connection charge was challenged. The court explained that the properties actually using the sewer system should alone pay the cost of operation and maintenance, since expenditures for such purposes arise solely from that use. On the other hand, all properties where service was available, whether actually using the system or not, should pay for the construction and installation expense from which every property has received some benefit and increase in value. The court stated that it was not equitable for improved lands, during the use of the system, to pay the entire, original installation and construction cost, thereby paying for the present and future benefit received and to be received by the unimproved properties as well. There were, therefore, two catego-

4. 26 Utah 2d 215, 487 P.2d 866 (1971).

5. Or.App., 490 P.2d 1018 (1971).

6. Note 4, supra.

7. 57 N.J. 107, 270 A.2d 18 (1970).

ries of property, which should, in fairness, be called upon to pay for the original construction costs, the improved and the unimproved properties.

The court continued that the periodic charge for service was paid by the actual user of the system and was not paid for an unimproved property. Yet, the unimproved property was benefited by the improvement, and more specifically, the unimproved property would benefit unfairly in respect to the capital cost and interest thereon as may have been paid in the past by the users of the sewer. Thus, the installation and construction costs, although initially financed by the actual users, should ultimately be borne by all properties benefited, including the unimproved lands. For that reason, there was provided a sewer connection charge to be imposed upon unimproved properties, in order that they would assume a fair share of the original construction costs, when they attain the status of an improved property. The court concluded that the Authority might include, as part of the connection fee, a sum of money which would represent a fair contribution by the connecting party toward the expense theretofore met by others.[8]

In the instant action, the record before this court sustains the determination of the trial court that the sewer connection fee was imposed in a reasonable and nondiscriminatory manner and constituted a reasonable exercise by the city of its statutory power, pursuant to the best information available from professional consultants. The judgment of the trial court is affirmed.

Costs are awarded to defendant.

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

8. Also see Seltzer v. Sterling Township, 371 Mich. 214, 123 N.W.2d 722 (1963).